Hillsborough, }
  June, 1899. }

## MOOAR, *Adm'x*, v. MOOAR.

An offer to give a note for a certain sum in settlement of an existing debt is not evidence of a new promise to pay more than the amount of the note.

The finding of the court at the trial term, that one of the issues in a case involved the examination of long and complicated accounts and ought not to be submitted to the jury, and the submission of certain other issues in the case to the jury, are not rulings of law open to exception.

ASSUMPSIT, to recover the amount due on four notes given by the defendant John Mooar to the plaintiff's intestate. Plea, the general issue, with a brief statement of the statute of limitations. The plaintiff's evidence tended to show that, after the death of the payee of the notes, she sent the notes to one Jacob Mooar to compute the amount due upon them. Jacob found due on the notes $163. Subsequently the plaintiff employed counsel, who, by his computation, found $3,400 to be due. There was evidence tending to show an express promise by the defendant to pay what was due on the notes. There was no evidence of an express promise by the defendant to pay any definite sum, except that John, upon learning of the result of Jacob's computation, wrote a note for $163, payable to the plaintiff; that this fact was communicated to the plaintiff; and that the defendant was willing to adjust the controversy on this basis. The defendant denied the express promise, but admitted the facts as to the $163 note.

After the charge to the jury was given, the defendant requested the court to instruct the jury that an offer to make a

new note for $163 was not evidence of a new promise for any greater amount. The request was denied, subject to exception. It appeared that it would require the examination of a long and complicated account to determine the amount due on the notes, and the court found that for this reason the question of the amount due ought not to be submitted to the jury. The only questions submitted to them were (1) whether the note for $1,400 (one of those declared on) had been paid, and (2) whether there was a new promise. To this ruling the defendant excepted. The jury returned a general verdict for the plaintiff, assessing the damages in the amount of the notes, and, in answer to a special question submitted to them as to the $1,400 note, found that it had not been paid.

*William H. Drury*, for the plaintiff.

*Isaac L. Heath*, for the defendant.

Parsons, J. An acknowledgment as the basis of the inference of a new promise in answer to the statute of limitations must contain " an unqualified admission of a previous subsisting debt which the party is liable and willing to pay." *Engel* v. *Brown, ante, p.* 183. An express new promise may be limited by conditions made a part of it. *Stowell* v. *Fowler,* 59 N. H. 585; *Betton* v. *Cutts,* 11 N. H. 170, 179. The effect of an acknowledgment as evidence of a new promise may be qualified in the same way. *Dodge* v. *Leavitt,* 59 N. H. 245; *Engel* v. *Brown, supra.* Hence an acknowledgment that a certain sum is due is evidence of a new promise only to the extent of the amount admitted. *Weare* v. *Chase,* 58 N. H. 225; *Kittredge* v. *Brown,* 9 N. H. 377, 379; *Exeter Bank* v. *Sullivan,* 6 N. H. 124, 132.

The jury found by their general verdict that the defendant made a new promise to pay the amount due on the notes. If this verdict has determined anything, it must mean a new promise to pay the sum which should be found due upon the computation of a complicated account of interest and partial payments, whatever that sum might be, but which is claimed to largely exceed $163. The making of the note of $163, and the defendant's willingness at the time to give the same in settlement of the debt, was conceded. These undisputed facts constituted evidence justifying the inference that the defendant acknowledged the existence of a subsisting debt upon which he was liable and willing to pay $163, and would authorize a finding of a new promise to pay $163. They did not constitute an admission that any greater sum was due, or of a liability or willingness to pay a greater sum. The acknowledgment was not unqualified, but was qualified by the limitation of the amount expressed in the

note. These facts, therefore, did not authorize the inference of a general new promise to pay the whole debt, whatever its amount might be. The requested instruction limiting the effect of this evidence should have been given. In the absence of such limitation, the jury, under the general statement of the law which was correctly given, may have based their verdict upon this undisputed evidence of an acknowledgment of the existence of the debt and admission of a willingness to make payment thereon, without consideration of the conflicting evidence as to an express promise to pay what was due. As the case is now before us, the question whether an express promise to pay what is due is sufficient to establish a new promise to pay what a jury or some other tribunal may find to be due, is not presented for decision and has not been considered. Although the question of how much was due on the notes held by the plaintiff was not submitted to the jury, upon the evidence there was question whether the defendant's new promise, if one was made, was not limited to a new promise to pay $163 only. Construing the general verdict to mean, as the plaintiff claims, a new promise to pay more than $163, it is plain the failure to give the requested instruction may have been prejudicial to the defendant. As the instruction was refused as matter of law, and not because presented too late, the exception is sustained and the general verdict set aside.

The ruling of the court, taking the question of computation from the jury on the ground that it involved the examination of a long and complicated account and ought not to be submitted to them, and submitting certain issues to the jury, presents no question of law. *Low* v. *Society*, 67 N. H. 488; *Dole* v. *Pike*, 64 N. H. 22; *Owen* v. *Weston*, 63 N. H. 599, 605. The result reached renders it unnecessary to consider other exceptions which were taken. The verdict that the $1,400 note was unpaid is not affected by them and is not disturbed.

*Exception sustained.*

PEASLEE and YOUNG, JJ., did not sit: the others concurred.