Hillsborough, }
June 6, 1905. }

## SMITH v. BOSTON & MAINE RAILROAD.

The only duty of a master with respect to temporary and transitory dangers incident to repairs upon the place in which servants are required to work is to provide reasonable rules and regulations for their protection; and in the absence of contrary evidence, the presumption is that all necessary rules were prescribed.

CASE, for negligently failing to provide the plaintiff with a reasonably safe place in which to work. At the close of the plaintiff's evidence a nonsuit was ordered, subject to his exception. Transferred from the September term, 1904, of the superior court by *Pike*, J.

The plaintiff was head brakeman on a freight train running from Nashua to Elmwood, through Wilton. He had been a railroad employee about twenty years, and had worked on this train nearly a year. November 5, 1902, his train left Nashua about ten o'clock in the forenoon and reached Wilton about one o'clock in the afternoon. As the train entered the Wilton yard, the plaintiff was riding upon the top of the forward car, which was to be set off at that station upon the wall track, so-called, which leads from a side track east of the main line. When the train stopped at the freight station, another brakeman uncoupled the forward car from the train, while the plaintiff remained on top of the car. The engine took the car ahead over the switch, the switch was set and the car disconnected from the engine by another brakeman, and the plaintiff rode to the wall track. The engine was then run back upon the main line to the train.

When the plaintiff had ridden his car to its proper position on the wall track, he set the brake, got down from the car, and started toward the train to couple the engine, as his duty required. He crossed the side track and passed between it and the main line. At this moment the engine was backing down, and in order to reach the head of the train in season to make the hitch the plaintiff was obliged to hurry. He reached the head of the train just as the engine was backing on. The couplers on the engine and head car were dissimilar, and especial care was required in making the hitch. As he started around the end of the car to make the coupling, his right foot plunged into an excavation in the roadbed, causing him to pitch forward; and as he fell, his hand was crushed between the draw-bars of the engine and the car.

At the point where the accident occurred the road-bed was dug up for putting in or taking out ties, the dirt being piled near the

tracks. Before attempting to make the hitch, the plaintiff did not notice that repairs had been made upon the road-bed in that vicinity. He first saw that the road-bed had been dug up for two or three car-lengths immediately after his injury. He knew that railroad companies were obliged to repair tracks in their yards, and that they did so by taking out and putting in ties. He could have seen the excavation in the road-bed had he looked, but his mind was intent upon making the hitch, and he was forced to hurry in doing that work. He had plenty of time to make the hitch in safety if the ground had been level. On the west side of the main line was a track known as the Greenfield track; and when the plaintiff's train reached Wilton on the day of the accident, he saw section men on that track, at a point opposite the passenger station and about 200 feet north of the freight station. He thought they were working at that point, but could not state positively.

All the evidence introduced by the plaintiff tended to show that repairs were being made in the railroad yard, above, below, and at the point of the accident; but there was a conflict of testimony as to whether the section men were at work near the place of the accident at the time it occurred, or were engaged about 200 feet north of that point, and whether the dirt that was excavated was piled between the tracks or outside of them. There was no evidence to show how long repairs had been going on, or when the hole into which the plaintiff stepped was made, or whether the defendants had established rules which required section men to warn trainmen of the condition of tracks upon which repairs were being made.

*Doyle & Lucier*, for the plaintiff.

*Burns & Burns* and *Hamblett & Spring*, for the defendants.

BINGHAM, J. The defendants owed the plaintiff the duty of providing him a reasonably suitable road-bed over which to pass in the performance of his duties of shifting cars in the Wilton yard. *English* v. *Amidon*, 72 N. H. 301. This does not mean that they were insurers of his safety, or were required to furnish him with a road-bed that was absolutely safe. It is clear that the accident was caused by the open space beneath the track; but to entitle the plaintiff to go to the jury on the ground that the defendants failed to provide a reasonably safe place for him to work, he should have shown that the presence of the open space was due to their default. The fact that it was made by the defendants' servants was not sufficient for that purpose. Had it appeared that the

defendants knew of its presence, and in the exercise of ordinary care could have remedied it before the plaintiff undertook to shift cars in the yard, or that it had been there for such a length of time that in the exercise of ordinary care they ought to have known of it and remedied it, then it might be found that the defendants failed to perform their duty in this respect. *Hannah* v. *Railroad*, 154 Mass. 529 ; *McCann* v. *Kennedy*, 167 Mass. 23 ; *Filbert* v. *Canal Co.*, 121 N. Y. 207 ; *Artis* v. *Railway*, 3 N. Y. App. Div. 1 ; *Haskins* v. *Railroad*, 79 Hun 159 ; *Chicago etc. Ry.* v. *Kinnare*, 190 Ill. 9 ; *Franklin* v. *Railroad*, 37 Minn. 409 ; *Hurst* v. *Railroad*, 163 Mo. 309, 320 ; *Hallenbeck* v. *Railroad*, 141 Mo. 97 ; *Missouri etc. Ry.* v. *Jones*, 75 Tex. 151.

The evidence, however, does not present such a situation. It appears that the open space was of a temporary nature, due to the defendants' section men having taken out an old tie, or having removed the dirt from between the ties preparatory to putting in a new or additional one, and that these servants, at the time of the accident, were then at work in the yard repairing the tracks. This evidence would not warrant the conclusion that the defendants suffered the track to remain in this condition an unreasonable length of time, and that the place was unsafe because of their negligence. The only reasonable conclusion to be drawn from the evidence is that the open space created by the removal of the tie or dirt was an incident of the work of repairing the track—an essential part of the operation of the road ; that the danger thus created was temporary and the risk transitory. As respects such a danger, the only duty the defendants owed the plaintiff was to provide rules and regulations for his protection while engaged in the performance of his duties in the yard. 1 Labatt M. & S., s. 222 ; *Lake Shore etc. Ry.* v. *Topliff*, 18 Ohio C. C. 709. If the defendants failed to make such provision, there would be evidence of negligence ; but the burden of proving the absence of rules as the basis of a charge of negligence was upon the plaintiff, the presumption being that all necessary rules were prescribed. *Hill* v. *Railroad*, 72 N. H. 518. There is no evidence in the case that the defendants had not provided suitable rules.

*Exception overruled.*

All concurred.