Hillsborough,
Jan. 3, 1939. } No. 3013.

LAWRENCE SCHOFIELD *v.* E. R. BATES & COMPANY.

32

*Bolic A. Degasis* and *Robert J. Doyle* (*Mr. Doyle* orally), for the plaintiff.

*Thorp & Branch* (*Mr. Branch* orally), for the defendant.

PAGE, J.   The trial court has discretion to consolidate the issues, in equity and at law, to submit them to a jury, and to direct

the jury to deduct from any plaintiff's verdict in the common-law action the amount received by the plaintiff in a settlement procured by the defendant's fraud. *Genest* v. *Company*, 75 N. H. 365, 367. The case of *McIsaac* v. *McMurray*, 77 N. H. 466, did not overrule the *Genest* case. The reasons there advanced for trying out the equitable issues preliminary to consideration of the action at common law are those particularly appropriate to relief from mutual mistake of fact. Moreover, what was said under this head in the *McMurray* case was *dictum*, and the earlier case was not even cited. There was no clear evidence of disagreement with the conclusions of the *Genest* case with regard to issues of fraud, or of an intention to overrule it if occasion should offer.

The practice favored by the *Genest* case has been followed here for many years. Where a release is pleaded in bar, with replication that the release was procured by fraud, the replication is in effect a bill in equity to rescind the release. *McIsaac* v. *McMurray*, *supra*, p. 470. Issue being joined on such a plea in bar and "replication," it has been recognized for about a century at least that it is permissible to determine all of the issues in one trial. *Webb* v. *Steele*, 13 N. H. 230. While the precise question seems never before to have been raised except in the *Genest* case, the adoption of the practice without question generations earlier in cases where executed contracts of release were involved, and where the plaintiff claimed that they were procured by fraud, established a custom not lightly to be disregarded.

We have here a case of election from which the plaintiff seeks relief. An executed contract of release and an election to accept compensation alike bar an action at common law unless avoided for some equitable cause. *Kimball* v. *Wilson*, 3 N. H. 96; P. L., c. 178, s. 11. If the avoidance is claimed on the ground of fraud, we see no reason why the practice should differ as between a plea in bar of release and one of election to take compensation.

Equity unquestionably has jurisdiction to pass upon the issue of fraud in either case. The question is whether (1) the equitable jurisdiction shall be exercised before the common-law action shall be heard upon the merits, or (2) the equitable issues and those at common law shall be submitted together to the same triers of fact. The former method has claims to preference. As matters stand the defendant is entitled to his bar, and the plaintiff has the burden of avoiding it. The bar presupposes the extinguishment of the plaintiff's claim at law. While we are not disposed to deny to the trial court the power to order that the second course be adopted, it appears

to us that it should be resorted to only when it affirmatively appears that justice will be subserved better by a single trial than by two. In the exercise of discretion the trial court must weigh the hardship and prejudice likely to be suffered by the defendant in one case as against those likely to be encountered in the other. If it affirmatively appears that in such respects the defendant will not suffer by a single trial, considerations of convenience and economy may favor the exercise of the discretion.

Though the trial court has the discretion suggested, it is a discretion which depends upon its being exercised. It is not an exercise of discretion to order issues consolidated together for trial by jury if the order is made as a matter of course. Each case is to be determined upon the particular situation therein found. Considerations of convenience and judicial dispatch should be subordinated to considerations of substantial justice and equity. All matters of possible prejudice or confusion must be taken into account, and care must be taken lest consolidation expose a party to unnecessary danger of such prejudice or confusion. If, with this in mind, the trial court determines the procedure to be followed in the particular case, no question of law will arise unless reserved on some special ground involving an abuse. *Genest* v. *Company, supra.*

It is obvious that there can be no exercise of discretion until a hearing has been held so that the particular situation may be developed with such fulness that the trial court may know all of the factors necessary to a decision. The defendant says that no such hearing was held in this case. It is clear that no hearing at all was held after the plaintiff filed his motion that the issues be consolidated. When the plaintiff announced his intention of filing a bill in equity at the hearing on the defendant's motion to dismiss, did he also announce that he intended to move for a consolidation? If so, was the matter then discussed and fairly heard?

The bill of exceptions leaves these questions unanswerable. In making the order on the plaintiff's motion to consolidate, the court said, "This motion raises the issue the court heard previously and received briefs on." The bill of exceptions, however, follows with the statement that the defendant filed no brief. The ambiguity may be due to the fact that an inconclusive bill of exceptions was allowed, whereas the court might have made the situation clear by drafting a reserved case. The presumption that discretion was exercised is negatived by this ambiguity concerning a fair hearing. Lacking such hearing, there was no exercise of discretion. Since the

bill of exceptions is not open to amendment, there must be a hearing on the plaintiff's motion. *Gerry* v. *Neugebauer*, 83 N. H. 23, 27; *Vallee* v. *Company*, 89 N. H. 285, 291.

The defendant contends that the plaintiff's common-law action should have been dismissed at the conclusion of the hearing on the motion to dismiss. But it had then been made known to the court that a bill in equity was to be filed "immediately" by the plaintiff. This circumstance made instant dismissal contrary to the interest of substantial justice. The failure of plaintiff's counsel to file his bill immediately as promised might have been made ground for an order that it be filed within a definite time. No such order appears to have been sought by the defendant. This is not a case of failure by the plaintiff to comply with an order of the court (*Barber* v. *Company*, 80 N. H. 507), nor is it a case where as a matter of law the plaintiff waived any right to file his "replication," or became estopped to do so.

There must be a hearing on the plaintiff's motion. In case the motion is granted in the discretion of the court, and there is no issue of fact as to the amount paid in compensation, the triers of fact need not be troubled with the deduction of the amount from any verdict that they may return for the plaintiff. The defendant may offset it against such a verdict. *Roberts* v. *Hillsborough Mills*, 85 N. H. 517, 520.

*Case discharged.*

Branch, J., did not sit: the others concurred.