Hillsborough,
No. 6248.

JOHN SCONTSAS & a.

v.

CITIZENS INSURANCE COMPANY OF NEW JERSEY.

March 7, 1972.

*Leonard, Prolman, Prunier & Mazerolle,* and *McLane, Carleton, Graf, Greene & Brown* and *James R. Muirhead* (*Mr. Muirhead* orally) for the plaintiffs.

*Sheehan, Phinney, Bass & Green, Lee Mercer* and *E. Paul Kelly* (*Mr. Kelly* orally) for the defendant.

GRIMES, J. This case was here before trial on the question of discovery. 109 N.H. 386, 253 A.2d 831 (1969). It involves a claim under a valued policy insurance contract covering two paintings by Leeteg, one insured for $95,000 and the other for $55,000. A jury returned a verdict for the plaintiffs after being instructed that in the event of a verdict for the plaintiffs the amount would be filled in by the court. Defendant's exceptions were transferred by *Keller,* J.

The only issues submitted to the jury were whether or not the paintings were stolen and whether plaintiff husband who was an agent of defendant, was guilty of misrepresentation or concealment so as to render the policy void. The verdict for the plaintiffs establishes that the jury did not find any misrepresentation or concealment. Defendant's exceptions relate to the refusal of the court to give its requests 32 and 33 the substance of which was that the amount of the verdict would not automatically be the amount of the policy but rather the value of the paintings as determined by the jury.

Prior to the previous transfer plaintiffs filed a motion for summary judgment. In its counter affidavit defendant alleged that in determining the value of the paintings there was "either a mutual mistake . . . or a mistake by Citizens and fraud or inequitable conduct by Scontsas". Plaintiffs withdrew their motion for summary judgment and filed their motion for discovery. The record does not again reveal any mention of mutual mistake either at pretrial or elsewhere until the plaintiffs rested. Then in discussing its motion for nonsuit defendant mentioned the claim of mutual mistake. There was a conference in chambers on the question whether defendant could raise the defense of mutual mistake in the law action and particularly at that stage of the proceeding, following which the matter was left open and defendant agreed not to mention it in its opening statement. At the close of the evidence defendant filed thirty-three requests for instructions in none of which was mutual mistake mentioned nor were any further pleadings filed requesting reformation on the basis of mutual mistake.

Reformation based on mutual mistake is an equitable remedy (*McIsaac* v. *McMurray*, 77 N.H. 466, 93 A. 115 (1915)) raising issues on which there is no right to trial by jury. *Curtice* v. *Dixon*, 73 N.H. 393, 62 A. 492 (1905); *Dion* v. *Cheshire Mills*, 92 N.H. 414, 32 A.2d 605 (1943); *Lakeman* v. *LaFrance*, 102 N.H. 300, 156 A.2d 123 (1959). Although our courts have jurisdiction in both law and equity the distinction insofar as the substantive rules are concerned has been maintained. The distinction is essential not only to preserve the right to trial by jury "in its pristine purity" but also to prevent

the introduction into jury trials of "questions too complicated for a decision in that mode". The Federalist No. 83 (Hamilton).

The preservation of this distinction need create no problem for the litigants for under our liberal rules of procedure in force here for many years equitable pleadings may be filed in actions at law. *See Owen* v. *Weston*, 63 N.H. 599, 604, 4 A. 801, 804 (1885); *McIsaac* v. *McMurray*, 77 N.H. at 470, 93 A. at 117-18. Whether the equitable claim should be heard by the court at the same time the jury is hearing the evidence on the legal issues is a matter which depends upon the nature of the respective claims and falls within the sound discretion of the trial court.

In the case before us however the equitable claim for reformation based on mutual mistake was never fairly and clearly presented to the trial court. Although there was a reference to it in the summary judgment counter affidavit it was not again mentioned until the close of the plaintiffs' case during defendant's oral argument on its motion for a nonsuit. There was a conference in chambers on the question whether defendant could raise the issue in a law action before a jury and the matter was left for later determination. Defendant never again mentioned the claim of mutual mistake and did not file any further pleadings. Defendant did except to the failure of the court to grant its requests numbers 32 and 33 but these requests did not raise the issue of mutual mistake but rather sought to submit to the jury an issue which would be relevant only after a reformation of the policy, *i.e.* the actual value of the paintings. The trial court was correct when he ruled that "in order to go along with that [Requests 32 and 33] you've got to reform the policy, and there never was any pleading filed to have the policy reformed".

*Exceptions overruled.*

GRIFFITH, J., did not sit; KENISON, C.J., concurred in the result; the others concurred.