Rockingham
No. 6971

EARL F. BROWN v. DAWN E. CLARK

December 31, 1974

*Shaines, Madrigan & McEachern (Mr. Robert A. Shaines* orally) for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls* and *James S. Yakovakis* and *James C. Wheat (Mr. Wheat* orally) for the defendant.

PER CURIAM. This negligence action stems from personal injuries sustained in an automobile accident that occurred on February 15, 1970, in North Hampton. Subsequent to the mishap a claims adjuster for defendant's insurer settled plaintiff's personal injury claim resulting from the accident for $800 by means of a general release dated June 27.

Three and one-half years later on October 11, 1973, plaintiff instituted this action to recover for injuries arising from the accident. On December 5, defendant filed a special appearance, moving for dismissal on the ground that the general release executed by plaintiff constituted a bar to the action. By a letter plaintiff objected to the motion to dismiss and asserted that the question of the validity of the release should be consolidated with his claim at law in a single jury trial. Plaintiff expanded upon this letter by filing a "memorandum of law" on February 11, 1974, in which he suggested that the release had been procured by fraud, and he repeated his request that the motion to dismiss be tried before a jury.

The matter was included in a list of motions for hearing on April 2, 1974. At the hearing on April 2, defendant introduced the release and the circumstances surrounding its execution through the testimony of the insurance adjuster who obtained it. Although counsel for plaintiff cross-examined the claims adjuster as to his motive for procuring the release and on his knowledge of the extent of plaintiff's injuries, he stated that he was "not prepared to offer any evidence at this time" and repeated his request for consolidation. *Mullavey,* J., reserved and transferred plaintiff's exception to the granting of the motion to dismiss. The question posed by this appeal is whether the motion to dismiss was properly granted.

Plaintiff maintains that the trial court erred in granting the motion to dismiss since his allegations in the memoran-

dum of law and the cross-examination of the claims adjuster raised substantial questions as to the validity of the release that entitled him to a hearing on the motion to consolidate. Defendant argues that the April 2 hearing afforded an adequate opportunity for the airing of plaintiff's reasons for seeking consolidation and for a hearing on the merits of the motion to dismiss. In order to support their contentions both parties rely on this court's decision in *Schofield v. Company*, 90 N.H. 31, 3 A.2d 818 (1939). In *Schofield* the plaintiff sought to avoid his election to receive payments pursuant to the workmen's compensation statute by alleging that the election was fraudulently obtained. At the hearing on the defendant's motion to dismiss, plaintiff alleged fraud and promised to submit a replication. In order to allow for the filing of plaintiff's replication, the trial court did not act on the motion to dismiss. Plaintiff filed both a replication and a motion to consolidate his action at law and equitable claim for avoiding the election. The trial court granted the motion to consolidate without further hearing. This court held that although the decision whether the equitable issue of the validity of the release will be tried before the jury along with the legal claim is within the discretion of the trial court, a hearing on the question of consolidation is required so that the trial court can exercise its discretion in an informed manner. *Schofield, supra* at 33-34, 3 A.2d at 820; *Scontsas v. Citizens Ins. Co.*, 112 N.H. 47, 49, 289 A.2d 64, 65 (1972); Annot., 4 A.L.R.3d 456, 460 (1965); Annot., 43 A.L.R.2d 786, 800 (1955).

In the case at bar the plaintiff, in reliance upon *Schofield,* was justified in assuming that the hearing on April 2 was to be limited to the question of consolidation only which would not require the presentation of evidence on the merits of his equitable claim. In this situation, fairness requires that the case be remanded for a hearing on and determination of the question of consolidation and thereafter a hearing on the merits. Orderly procedure requires this sequence so that the parties may know what issues to be prepared to try.

*Plaintiff's exception sustained.*