Grafton
No. 7194

JOHN J. LABARRE

v.

GLORIA LABARRE WALKER

February 27, 1976

*N. George Papademas,* by brief and orally, for the plaintiff.

*Baker & Page* and *Eugene C. Struckhoff III (Mr. Struckhoff* orally) for the defendant.

*James R. Bresee,* pro se as guardian ad litem, filed no brief.

LAMPRON, J. Appeal filed on September 25, 1974, by plaintiff in the superior court from a decree by the probate court dated September 5, 1974, terminating his parental rights over a child of the parties pursuant to RSA ch. 170-C (Supp. 1975). Defendant, appearing specially, filed a motion to dismiss the appeal for want of jurisdiction. Hearing before *Perkins,* J., at which plaintiff orally moved to amend his appeal to a petition for late appeal under RSA 567:7. The trial court denied defendant's motion to dismiss and further found that plaintiff was prevented from taking his appeal under RSA 170-C:15 (Supp. 1975) "by reason of an actual mistake of law," ordered the appeal entered as a late appeal and ordered plaintiff to furnish bond. Defendant's exceptions were reserved and transferred.

RSA 170-C:15 (Supp. 1975) provides that any party aggrieved by an order or decree of the probate court may appeal in accordance with RSA ch. 567. Before its repeal by Laws 1975, 395:12 (now RSA ch. 567-A), RSA 567:2 provided that an appeal to the superior court from a probate court decree was to be filed in the probate court within 30 days accompanied by a bond (RSA 567:2, :3) and notice given of the appeal by publication or such other notice as ordered by the probate court. RSA 567:4. Plaintiff filed his appeal directly in the superior court instead of in the probate court as required. On the pleadings on file in the superior court at the time of the hearing, defendant was justified in assuming that the issue to be addressed was the validity of the plaintiff's appeal filed in the superior court instead of in the probate court and whether it should be dismissed for lack of jurisdiction. *Brown v. Clark,* 114 N.H. 821, 823, 330 A.2d 114, 115 (1974).

A petition to be allowed a late appeal on a probate matter is to be filed in the superior court setting forth mistake, accident or misfortune, and not neglect, as the reason for the delay, as well as the plaintiff's interest and his reason for appealing. RSA 567:7. Notice of the petition must be published and personal notice given by mail or personally to the parties as determined by the court. RSA 567:8. Evidence of the cause of the delay and of the resulting injustice if

the petition for a late appeal is not granted, must be introduced. RSA 567:9; *Mercer v. Merchants National Bank,* 108 N.H. 199, 230 A.2d 745 (1967); *Naum v. Naum,* 101 N.H. 367, 143 A.2d 424 (1958).

The record of the hearing discloses that the trial court not only denied defendant's motion to dismiss but went further and considered plaintiff's oral petition for a late appeal without requiring compliance with the statutory requirements as to the grounds for such a petition and of notice thereof. RSA 567:7, :8. The court further found that the delay in filing was the result of a mistake of law and allowed the appeal. The record discloses that no evidence was presented that injustice had been done by the decision of the judge of probate and the court made no finding to that effect. RSA 567:9; *Naum v. Naum,* 101 N.H. 367, 143 A.2d 424 (1958).

We hold that the defendant was entitled to have the plaintiff comply with the requirement of RSA 567:7, :8, which apply to any proceeding had or begun under RSA ch. 567 prior to January 1, 1976. Laws 1975, 395:13. Defendant is also entitled to an evidentiary hearing on all matters of fact raised by any amended or future petition by plaintiff for a late appeal. Defendant is not at fault for his failure to present such evidence at the hearing had on his motion to dismiss for lack of jurisdiction. *Brown v. Clark,* 114 N.H. 821, 823, 330 A.2d 114, 115 (1974).

*Defendant's exceptions sustained; remanded.*

GRIMES, J., did not sit; the others concurred.