## STATE v RICKMAN

Ohio Appeals, 2nd Dist, Montgomery Co

No 1436. Decided Dec 18, 1936

Nicholas F. Nolan, Pros. Atty., Columbus, for State of Ohio.

W. S. Rhotehamel, Dayton, Gale G. Murphy, Dayton, and H. M. Eikenbary, Dayton, for defendant appellee.

## OPINION

By THE COURT

The defendant, Charles Rickman, was indicted, tried and convicted of murder in the first degree with a recommendation of mercy. Motion for new trial was duly filed, overruled and sentence imposed in conformity to the verdict. Within 13 days, counsel for defendant filed the following notice of appeal:

"You are hereby notified that the above entitled case is to be appealed from the decision in the Common Pleas Court of Montgomery County, Ohio, upon questions of law and fact. Said appeals to be based upon judgment and sentence rendered by the court and jury of the Common Pleas Court, finding the defendant, Charles Rickman, the appellant, guilty of murder in the first degree. This Notice of Appeal is filed under §12223-4 GC." (Signed by attorneys for Charles Rickman.)

The notice of appeal contains its own contradictions wherein it states that the appeal is to be based upon the judgment and sentence rendered by the court and jury finding the defendant guilty of murder in the first degree and that the appeal is upon question of law and fact. From a statement contained in the above motion it can not possibly be an appeal on question of law and fact.

Counsel in their haste probably did not have a clear conception of the term "appeal on question of law and fact" as defined in §12223-1 GC, Par. 3. It is therein provided that appeal on question of law and fact means a rehearing and retrial in the reviewing court, including all the proceedings heretofore designated as an appeal. In other words, it refers to a chancery case and a hearing de novo. A judgment of conviction and sentence can not under any circumstances, be a chancery proceeding and heard de novo in a reviewing court.

Under the very broad provisions of the New Procedural Act, one of the requisite steps in appeal on question of law and fact is to give a proper bond. We quote §12223-6 GC:

"Except as provided in §12223-12, no appeal shall be effective as an appeal upon questions of law and fact unless and until the order, judgment, or decree appealed from is superseded by a bond in the amount and with the conditions as hereinafter pro-

vided, and unless the said bond be filed at the time the notice of appeal is required to be filed."

Of course, no bond has been filed, nor could any be filed at this late date since the time prescribed under the above section of the Code has expired.

The transcript of docket and journel entries discloses that a motion for new trial was interposed within the proper time and overruled before sentence. A transcript of the docket and journal entries have been filed but no bill of exceptions. Counsel for defendant appellant now moves the court to amend his notice of appeal so as to show that the same is an appeal on question of law and also for an order permitting the filing of a bill of exceptions or transcript of the testimony within a time to be fixed. In support of the above motion, it is sought to invoke the provisions of §12223-5 GC, which reads as follows:

"The notice of appeal shall designate the order, judgment, or decree appealed from and whether the appeal shall be on questions of law or questions of law and fact. In said notice the party appealing shall be designated the appellant, and the adverse party, the appellee, and the style of the case shall be the same as in the court of origin. The failure to designate the type of hearing upon appeal shall not be jurisdictional and the notice of appeal may be amended by the appellate court in the furtherance of justice for good cause shown."

The only possible good cause shown in the instant case is the rather involved provisions of the New Procedural Act together with the very seriousness of the trial through which the defendant was found guilty and through sentence deprived of his liberty the rest of his life. In the furtherance of justice, we conceive it to be our duty to render every aid in the furtherance of a review, if desired.

Following the provisions of §12223-22 GC, we make the determination that the appellant is not permitted to retry ▮▮▮▮▮▮ ▮ the facts but hold the case for hearing as on appeal on question of law. The motion of the state for the dismissal of appeal will be overruled.

Paragraph 2 of the above section reads as follows:

"Whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law."

We now refer to §11564 GC, which prescribes the procedural steps to be taken following the determination of the court that the case can not be heard de novo. The second paragraph of the section reads as follows:

"Provided, whenever an appeal is taken on questions of law and fact and the court of appeals determines that the case cannot be heard upon the facts and no bill of exceptions has been filed in the cause, that the court of appeals shall fix the time, not to exceed thirty days, for the preparation and settlement of a bill of exceptions."

Counsel's motion asks that this court order a bill of exceptions or transcript of the testimony to be filed. We have no inclination or jurisdiction to go beyond the provisions of the above quoted portion of §11564 GC. We fix a period of thirty days within which the defendant may have prepared and settled a bill of exceptions.

It must be understood that the disposition of this case will not be accepted as an approval in all cases of the erroneous practice of filing an appeal on question of law and fact in legal actions. Except in extreme cases the court will probably exercise its discretion in refusing to allow motion to amend the appeal. This certainly will be true where it is apparent that the improper method is adopted for purpose of delay. In this particular, we follow the court of appeals of Sandusky County as announced in the case of Sommers, Appellce, v DeRan, Appellant, 53 Oh Ap 87 (22 Abs 310), published in Ohio Bar under date of October 19, 1936.

Entry may be drafted in accordance with the provisions of this opinion. Exceptions will be allowed to all parties feeling themselves aggrieved.

CRAIG, PJ, BARNES and HORNBECK, JJ, concur.