take evidence in writing, and if he under-takes to do it, and does it unfaithfully, wilfully, and falsely, it is an offence at common law. The depositions may be used for various purposes, as in a question of bail; or to justify an arrest of some person, or to discredit a witness upon the trial.

THE COURT, at July term, 1808, quashed the indictment, being of opinion that it did not set forth an offence at common law, or under the statute; inasmuch as by the common law, the coroner was not bound to put down in writing the evidence, or the effect of it, and the statute required it to be done only when, by the inquisition, some person is indicted for murder or manslaughter.

[See Case No. 15,079.]

## Case No. 15,078.

### UNITED STATES v. FAW.

[1 Cranch, C. C. 486.] [1]

Circuit Court, District of Columbia. July Term, 1808.

JUSTICE OF PEACE—INDICTMENT FOR ILLEGALLY TAKING BAIL—GROSS IGNORANCE—INTENT.

A justice of the peace cannot discharge a prisoner who has been committed for trial on a charge of felony; nor can he take money in lieu of bail. But he is not liable for so discharging the prisoner, unless he did it contemptuously and wilfully, and with evil intent.

[Cited in Reinhard v. Columbus, 49 Ohio, 267, 31 N. E. 35.]

Indictment for misdemeanor in office of justice of the peace in taking the personal recognizance of Harry Allen, in the sum of one hundred dollars, charged with theft of goods to the amount of sixty dollars, and receiving one hundred dollars in cash in lieu of bail of security.

E. J. Lee and C. Lee, for defendant, contended that the justice acted judicially, and that it was an error in judgment for which he is not liable to answer criminally, and that he has a right to take the money; and cited Cro. Car. 446.

Mr. Jones, U. S. Atty., contended that it is not necessary to show a corrupt motive, but that the defendant is liable for gross ignorance. He acted ministerially, and if it be a palpably illegal act, he is punishable.

E. J. Lee, for defendant. A justice of the peace is not liable unless he acts from corrupt motives. Rex v. Jackson, 1 Term R. 653. He has a right to bail after commitment, and to discharge without habeas corpus.

C. Lee prayed the court to instruct the jury that if they should be satisfied by the evidence, that the defendant acted uprightly and without corrupt motives, he ought to be acquitted, and so unless they should be satisfied by the evidence that he did it contemptuously.

Mr. Jones, contra. The defendant had no right to discharge at all after commitment;

and no authority to take money as a deposit in lieu of bail for a person charged with felony.

THE COURT (DUCKETT, Circuit Judge, absent) said they had no doubt on those points. The justice of peace cannot discharge after commitment for trial, nor can he take money in lieu of bail.

THE COURT (DUCKETT, Circuit Judge, absent) instructed the jury that unless they should be satisfied that the acts were done contemptuously, wilfully, and with an evil intent, they ought not to find the defendant guilty. (The words "wilfully" and "contemptuously" were used in the indictment.) The jury found a special verdict, that Faw acted illegally, in taking the money in lieu of bail, and in discharging the traverser from imprisonment; but he thus acted through ignorance and mistake of the law, and without any sinister or corrupt motive.

Judgment for the traverser on the verdict. DUCKETT, Circuit Judge, absent.

## Case No. 15,079.

### UNITED STATES v. FAW.

[1 Cranch, C. C. 487.] [1]

Circuit Court, District of Columbia. July Term, 1808.

CONSTABLE—RIGHT TO BREAK DOORS.

A constable, having a warrant to arrest a man for assault and battery, has a right to break open the door of the offender's dwelling-house to arrest him.

Indictment for not doing all in his power to prevent a riot, whereby a man was killed. [For prior proceedings in this suit, see Case No. 15,078.]

Mr. Jones, for the United States, prayed the court to instruct the jury, that neither the constable nor the magistrate had a right to break open the door of the house inhabited by a man, to arrest him upon a warrant for an assault and battery,

Which THE COURT refused (DUCKETT, Circuit Judge, absent).

The jury found the defendant not guilty.

UNITED STATES v. FAXON. See Case No. 16,324.

## Case No. 15,080.

### UNITED STATES v. FEARS.

[3 Woods, 510.] [2]

Circuit Court, N. D. Georgia. March Term, 1878.

RESISTANCE TO REVENUE OFFICER—AUTHORITY OF OFFICER—ENTRY WITHOUT WARRANT—INDICTMENT.

1. A person may be guilty, under section 3177, Rev. St., of the offense of obstructing and hindering an officer of internal revenue in the ex-

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]