## SMITH V. COFFIN.

1. An appeal lies from an order of the circuit court refusing to dismiss an appeal from a justice on the ground that no undertaking was filed on appeal.

2. Comp. Laws, Sec. 6133, provides that no appeal from a justice shall be effectual unless an undertaking be filed in the sum of $100 for payment of the costs of appeal; or, if a stay be claimed, in a sum twice the amount of

the judgment, "including costs, when the judgment is for the payment of money"; and that "a deposit of the amount of the judgment, including all costs," is equivalent to the filing of the undertaking. *Held,* that the undertaking for costs in the sum of $100 must in all cases be given.

3. Where no sufficient undertaking has been filed in time on appeal from a justice, as required by Comp. Laws, Sec. 6133, the circuit court has no jurisdiction, and cannot permit appellant to file a new undertaking.

(Opinion filed March 17, 1897.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action by Lelia L. Smith against Fred F. B. Coffin. From an order refusing to dismiss plaintiff's appeal from a justice's court, defendant appeals. Reversed.

The facts are fully stated in the opinion.

*John Wood,* for appellant.

To effectuate an appeal from a judgment of a justice of the peace three things are necessary, viz: the filing of the notice of appeal with the justice, the service of a copy of the notice of appeal upon the adverse party, and the filing of a written undertaking; and these things must be done within thirty days after the rendition of the judgment. All of them are jurisdictional prerequisites; none of them can be dispensed with; nor can any one of them, if not done, be supplied; or if fatally defective, be remedied after the time limited by the statute; for, until all the prerequisites are complete, the appeal is not effectual for any purpose. Coker v. Superior Court, 58 Cal. 178; Rudolph v. Herman, 2 S. D. 404; People's Ice Co. v. Steamer Excelsior, 43 Mich. 336. The failure to give any undertaking at all is not giving a defective one that may be amended. Barber v. Johnson, 4 S. D. 530; Shaw v. Randall, 15 Cal. 385.

*T. H. Null,* for respondent.

CORSON, P. J. This is an appeal from an order made by the circuit court denying the defendant's motion in that court to dismiss the appeal from the justice's court, and granting plaintiff's motion for leave to file an undertaking on appeal in

that court.   A judgment was rendered in the justice's court in favor of the defendant for his costs.   The plaintiff attempted to take an appeal to the circuit court from the judgment by serving and filing a notice of appeal and depositing with the justice the amount of the judgment for costs.   The notice of appeal was served January 25th., but no undertaking on appeal was filed.   At the March term of the circuit court, the defendant moved that court to dismiss the appeal on the ground that no undertaking on appeal had been filed.   Thereupon the plaintiff moved the court for leave to file an undertaking on appeal.   The two motions seem to have been heard together, and the court granted the latter motion, and denied the former by the same order.   From this order the defendant and appellant appealed to this court.

The respondent in this court moved to dismiss the appeal, on the ground that the order appealed from is not an appealable order.   The appellant contends that the order involves the merits of the action, and is, therefore, appealable under subdivision 4 of Sec. 5236, Comp. Laws.   That subdivision provides that an appeal may be taken from an order "when it involves the merits of the action, or some part thereof."   By this is meant an order decisive of some question or point in the case, as distinguished from mere rulings on matters of practice arising during the progress of the cause.   2 Enc. Pl. & Prac. 75. Tested by this rule we are of the opinion that the order is an appealable one.   If the defendant in the circuit court had the legal right to a dismissal of the action, a refusal of the court to dismiss it certainly involves the merits; and an order permitting the appellant to file an undertaking when the law does not permit one to be filed also clearly involves the merits.   We hold, therefore, that the order is an appealable one, and the motion to dismiss the appeal is denied.

This brings us to the consideration of the main questions, and those are:   "(1) Was the defendant (appellant in this court) legally entitled to a dismissal of the appeal by the circuit court

upon the grounds stated in his motion? (2) Was the court vested with a discretionary power to permit an undertaking to be filed in that court? As has been stated, no undertaking was filed with the justice, and more than thirty days had elapsed, after the notice of appeal was served, before the motion to dismiss the appeal was made. The appellant, in taking the appeal from the justice's court, had evidently proceeded upon the theory that the deposit of the amount of the judgment with the justice obviated the necessity of giving an undertaking required by Sec. 6133, Comp. Laws. That section provides that "an appeal from a justice's court is not effectual for any purpose unless an undertaking be filed * * * in the sum of one hundred dollars for the payment of the costs of the appeal; or if a stay of proceedings be claimed in a sum equal to twice the amount of the judgment, including the costs when the judgment is for the payment of money." The section then provides that "a deposit of the amount of the judgment, including all costs appealed from, * * * is equivalent to the filing of the undertaking." The undertaking mentioned in the last clause of the section clearly refers to the undertaking for a stay of proceedings, and has no application to the undertaking for costs required by the first clause of the section. Sec. 5218, Comp. Laws, providing for a deposit in lieu of an undertaking on appeal to the supreme court, proceeds upon an entirely different theory from that providing for such deposit in the justice's court. The former section provides that "when the appellant is required, under any provisions of this act to give an undertaking, he may in lieu thereof deposit * * * a sum of money equal to the amount for which such undertaking is required to be given, and in lieu of the service of such undertaking, serve a notice of the making of such deposit." It will thus be seen that the deposit is made in lieu of any undertaking, and in a sum equal to the amount required by an undertaking, if one had been given. In the justice's court, however, the sum deposited is only required to be the amount of the judgment, which

in many cases would only be a small sum, while no provision for the costs in the appellate court is made. It would seem clear, therefore, that the $100 undertaking for costs must in all cases be given. As more than 30 days had elapsed after the service of the notice of appeal before the motion was made, and no undertaking on appeal had been filed in the cause, the appellant had the absolute right to the dismissal of the appeal by the circuit court. The case had not been removed from the justice's court, and the circuit court had no jurisdiction of the action; and having no jurisdiction of the action, the circuit court had no power or authority to permit the appellant to file a new undertaking on appeal. This subject was so fully considered in McDonald v. Paris, 68 N. W. 737, recently decided by this court, that further discussion of the question is deemed unnecessary. The order of the circuit court denying the appellant's motion to dismiss the appeal, and granting to the respondent leave to file a new undertaking in that court, is reversed, with directions that the appeal be dismissed.