(93 South. 576)

**BOSHELL v. PHILLIPS.** (6 Div. 610.)

(Supreme Court of Alabama. June 1, 1922.)

1. **Appeal and error** &#9740;356—**Appeal not taken within required time dismissed.**

Where the register certifies that the appeal was taken and the appeal bond for cost approved on a date more than 30 days from the date of the rendition of the decree sustaining demurrer to a bill, under Code 1907, §§ 2837, 2848, the appeal will be dismissed for want of jurisdiction, under section 2838, as amended by Gen. Acts 1915, p. 137, requiring an appeal to be taken 30 days from the rendition of such a decree.

2. **Appeal and error** &#9740;355—**Taking of appeal within time fixed by statute jurisdictional.**

The taking of an appeal within the time fixed by the statute is jurisdictional, and cannot be waived by the parties.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Bill by W. R. Boshell against J. M. Phillips. From a decree sustaining demurrer to the bill, complainant appeals. Appeal dismissed.

John S. Stone, of Birmingham, and Ray & Cooner, of Jasper, for appellant.

Brief of counsel is upon the merits of the case, and does not treat the question on which dismissal was had.

Bankhead & Bankhead and A. F. Fite, all of Jasper, for appellee.

Brief of counsel does not argue the question of dismissal of appeal.

MILLER, J. This bill of complaint was filed by W. R. Boshell against J. M. Phillips. Demurrers were sustained to the original bill on May 24, 1921. The bill was afterwards amended twice. Demurrers were filed to the bill as last amended. These demurrers were by the court sustained on October 7, 1921. From this decree, rendered October 7, 1921, sustaining demurrers to the bill as amended, the complainant appeals, and assigns it as error.

The clerk in his certificate states "the complainant on December 12, 1921, took an appeal to the Supreme Court of Alabama," and "that W. R. Boshell filed security for cost of appeal to the Supreme Court on the 12th day of December, 1921," and gives the names of the sureties on the appeal bond. The register must certify the fact that such appeal was taken, and the time when, as a part of the record which gives the Supreme Court jurisdiction of the case. Sections 2837 and 2848, Code 1907.

[1] Appeals from the circuit court, in equity, may be taken by giving security for costs of the appeal to be approved by the clerk or

register or court. This appeal was taken in that wi.y. Act approved September 22, 1915; Gen. Acts 1915, p. 711, amended by Gen. Acts 1919, p. 84. Appeals from decrees rendered by the circuit court in equity sustaining or overruling demurrers to a bill in equity lies to the Supreme Court, if taken within 30 days from the rendition thereof. Section 2838, Code 1907, amended by Gen. Acts 1915, p. 137.

This decree was rendered and enrolled October 7, 1921; the register certifies the appeal was taken, and appeal bond for cost approved on December 12, 1921. This was more than 30 days after the decree sustaining the demurrers to the bill as amended was rendered, and this court has no jurisdiction of this cause. The appeal was taken too late; this court is without jurisdiction to consider it, and it must be dismissed. Blackburn v. Huber Mfg. Co., 135 Ala. 598, 33 South. 160; Lide v. Parker, 132 Ala. 222, 31 South. 360; Dennis v. Currie, 142 Ala. 637, 38 South. 802; Rowell v. State, 166 Ala. 44, 52 South. 310; Bickley v. Hays, 183 Ala. 506, 62 South. 767.

The parties by their attorneys agree in writing, which is on file in the cause, to make no motion to dismiss the appeal, because the appeal bond was not filed in time, but agree to request this court to consider the case as if appeal was taken in time, as the parties desire the cause settled on the merits.

[2] Appeals must be taken to this court within the time fixed by statute. This is necessary to give the court jurisdiction of the cause. When the appeal is taken too late, this court has no jurisdiction of the cause; and it will be dismissed, even if the parties waive it, and consent in writing for a hearing on the merits. This cannot be waived by the parties. Meyers v. Martinez, 162 Ala. 562, 50 South. 351; sections 2837, 2838, Code 1907.

The appeal is dismissed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.