## SOMMERS v DeRAN

Ohio Appeals, 6th Dist, Sandusky Co

Decided April 25, 1936

Harry E. Garn, Fremont, and Russell S. Hull, Fremont, for appellee.

H. C. DeRan, Fremont, in propria persona.

OPINION

By CARPENTER, J.

This action in the trial court was one for a judgment for money based on a negotiable bank check given by defendant to plaintiff on which payment was refused by the bank for the reason defendant had no funds in the bank.

The answer contains three defenses: First, a general denial of all the allegations of the petition; second, that plaintiff has assigned her rights in her cause of

action to another and now has no interest in the subject-matter of the action; and, third, in effect, the execution of the check described in the petition is admitted by defendant, but he says it was given merely as a memorandum by him to plaintiff in part of an involved transaction which he describes quite fully, and he says there was no consideration for the check, because the conditions precedent to its becoming effective did not occur.

The prayer of the answer is the dismissal of the petition and for his costs, "and for such and all other and further relief as he may be entitled to in the premises." The whole third defense is only a defense to the plaintiff's claim for a money judgment, it is an alternative to the general denial in the first defense which already raises a legal issue. No facts are alleged in the third defense to support a claim for any relief for defendant against the plaintiff, and none is asked, except as the general prayer in the answer above quoted may be regarded as such. Defendant now contends this defense seeks an accounting from plaintiff, but by no stretch of the imagination can its allegations be so construed.

The reply contains an extended counter-explanation of the transaction described in the third defense, and re-affirms plaintiff's claim for judgment as prayed for in the amended petition.

Trial by jury was waived by the parties, and the cause was submitted to the court on the evidence. January 6, 1936, the trial court filed its opinion finding for plaintiff for $1146.93. January 9, 1936, a motion for a new trial was filed. January 16, 1936, two entries were filed, one entering the finding arrived at in the opinion and also a judgment for plaintiff on that finding; the second entry overruled the motion for a new trial and entered judgment for plaintiff as in the other entry.

January 29, 1936, defendant filed a notice of appeal "on questions of law and fact" from the judgment of January 16, 1936. February 5, 1936, defendant filed a motion asking the trial court to fix an appeal bond, and thereupon the court fixed a supersedeas bond in the sum of $1195, and by a separate entry, referring to the appeal bond asked, held:

"There is no authority in law for the giving of such bond for the reason that a supersedeas bond has heretofore been fixed in the sum of $1195, and for said reason overruled said motion."

Continuing, that entry is as follows:

"Thereupon the defendant tendering to the Clerk of this court the sum of ten dollars in lieu of such bond and the court hereby holds that there is no authority for the fixing, or giving of such bond for the reason that the amount of the supersedeas has heretofore been fixed but that if there should be such authority that the amount should be nominal and that the sum of ten dollars would be such nominal amount in this cause and the Clerk of this court is authorized to receive from the defendant herein the sum of ten dollars and to hold the same as a bond in the event such a bond is required by law."

February 21, 1936, entry was filed bearing approval of both parties by which certain securities deposited with the clerk of courts were approved as a supersedeas bond, and the terms on which these are held was stipulated in such entry. March 20, 1936, plaintiff filed a motion to dismiss the attempted appeal on questions of "law and fact" for the reason the action is not appealable on questions of "law and fact" being an action for money only and founded on a check of appellant, and is therefore appealable on questions of "law" only, and that this court is without jurisdiction to hear and determine the cause on appeal on "fact."

Appeal on questions of "law and fact" to the Court of Appeals can only be appealable in "chancery cases" because **Article IV, §6 of the Ohio Constitution** limits the "appellate jurisdiction" to "the trial of chancery cases." It is only in such cases that trial de novo can be had in the Court of Appeals.

The issues and judgment in this case present purely legal matters and hence are not "chancery cases" and cannot be the subject of appeal on "questions of law and fact," and trial de novo, but such appeal can only be on "questions of law."

Sec 12223-6, GC, requires a bond to make "effective" an appeal on "questions of law and fact," and such bond must "be filed at the time the notice of appeal is required to be filed." §12223-7, GC, fixes the time for notice of appeal in cases like this to be within 20 days after the entry of the judgment appealed from. The judgment herein being for money, §§12223-9 **and 12223-14, GC,** prescribe the conditions of such bond, not as an appeal bond as required by §12223-6, GC, but as a supersedeas bond to stay execution pending review of the cause as a "law" appeal.

Even if this judgment were one from which such fact appeal could be had, the action taken February 5, 1936, by which defendant posted $10 in cash, did not constitute a compliance with those statutes, §§12223-6, 12223-12, 12223-9 and 12223-14, GC. The supersedeas bond filed February 21, 1936, was too late to operate as an appeal bond for a "fact" appeal, but is only a stay bond.

For both of these reasons the motion to dismiss the appeal as one on "questions of law and fact" must be granted. We do not think this disposes of the whole appeal.

Sec 12223-4, GC, provides: "The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, tribunal, officer or commission. * * * After being duly perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional."

Sec 12223-22, GC: "Appeals on questions of law and fact may be taken: * * *

"(2) Whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law"

Sec 12223-5, GC. "* * * The failure to designate the type of hearing upon appeal shall not be jurisdictional and the notice of appeal may be amended by the appellate court in the furtherance of justice for good cause shown."

Sec 11564, GC, provides that: "Whenever an appeal is taken on questions of law and fact and the Court of Appeals determines that the case cannot be heard upon the facts and no bill of exceptions has been filed in the cause, that the Court of Appeals shall fix the time, not to exceed thirty days, for the preparation and settlement of a bill of exceptions."

The appellate procedure is a part of "part third" of our General Code, and applying the liberal construction rule laid down in §10214, GC, and what seems to be the intended, although rather doubtfully expressed, manifest liberal spirit of the appellate procedure act, we think this appeal should proceed as one upon "questions of law," for which no bond is required to give this court jurisdiction.

To that end the notice of appeal may be amended by striking out the last two words "and fact," leaving it an appeal on "questions of law."

By this disposition of this case, it is not meant to approve or encourage any practice of filing notice of appeal on "questions of law and fact" in legal actions. In such case it is discretionary with the court whether permission to amend the notice of appeal will be granted, and where it appears that the misstatement therein as to the nature of the appeal is made for the purpose of delay, permission to amend the notice may and probably will be denied.

Ten days will be allowed in which to file and settle bill of exceptions.

Defendant has filed a motion for judgment on the pleadings, which might be in order were this an appeal on questions of law and fact, but as it is on law only, the court cannot entertain such motion and must overrule the same.

Various other matters were discussed in argument, but all of them related to the merits, and we do not deem them now before the court.

Judgment accordingly.

LLOYD, J, concurs.
OVERMYER, J, not participating.