82 So.2d 534

**Vyletta DANLEY**

v.

**Curtis T. DANLEY et al.**

4 Div. 788.

Supreme Court of Alabama.

Sept. 22, 1955.

Carnley & Carnley, Elba, for appellant.

C. L. Rowe, Elba, for appellees.

MAYFIELD, Justice.

This is an appeal from a decree of the Circuit Court of Coffee County, Alabama, in equity, sustaining appellees' demurrer to appellant's bill of complaint.

The cause was submitted to this court on the correctness of the trial court's ruling on demurrer and the appellees' motion to dismiss the appeal.

Title 7, Section 755, Code of Alabama 1940, provides that appeals from interlocutory decrees in equity must be taken in thirty days.

The decree on demurrer, which is the subject of this appeal, was rendered on 12 December 1953. Notice of appeal was given on 9 January 1954. However, security for the costs of the appeal was not filed with nor approved by the register until 3 April 1954. It, therefore, affirmatively appears from the record that this appeal was not taken within the thirty days allowed for such appeals.

Title 7, Section 766, Code of Alabama 1940, provides:

"Any appeal taken under the provisions of this chapter from the rendition of the judgment or decree, shall be shown in the following manner: * * * (b) By giving security for the costs of the appeal to be approved

by the clerk or register, or court. * * * "

■ The decisions of this court are uniform to the effect that the appeal dates from the proper filing of security of costs. See Liverpool & London & Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 So. 765; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 So. 363; Peters v. Chas. Schuessler & Sons, 208 Ala. 627, 95 So. 26.

We are bound by the statute and the above decisions, and we have no recourse other than to dismiss the appeal. The appellant is granted thirty days in which to plead further.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.