92 So.2d 920

### TOWN OF VERNON

v.

### MADDOX MOTOR COMPANY et al.

6 Div. 332.

Court of Appeals of Alabama.

Feb. 12, 1957.

Young & Young, Vernon, for appellant.

G. H. Downing, Vernon, for appellees.

PRICE, Judge.

This case was submitted on motion to dismiss and on the merits.

The motion to dismiss the appeal is made on the grounds that: (1) That the transcript of the record of the proceedings was not presented or filed within the time prescribed by law; (2) the proper legal procedure was not followed in the presenting of the appeal; (3) the proper legal procedure was not followed in the filing of this appeal; (4) the appeal was not perfected within the time required by law; (5) want of prosecution of said appeal within the time prescribed by law.

 Title 7, Section 788, Code 1940, which governs this appeal, provides that appeals must be taken within six months from the rendition of the judgment. In this case the time in which to appeal began to run from the date the court ruled on the motion for a new trial. Sadler v. Sessions, 261 Ala. 323, 74 So.2d 425. The appeal was taken on the proper giving of security for costs. First National Bank v. Garrison, 235 Ala. 687, 180 So. 690; Danley v. Danley, 263 Ala. 390, 82 So.2d 534; Journequin v. Land, 235 Ala. 29, 177 So. 132.

 Judgment for plaintiff was entered August 25, 1954. Motion for a new trial was filed September 17, 1954, and was regularly continued until October 19, 1954, when judgment was entered overruling the motion. Bond for appeal was approved and

filed March 9, 1955. Manifestly, the appeal was taken within the time.

The record shows the transcript of the evidence was filed with the clerk below on March 15, 1955, with certificate of notice to counsel as required by Section 827(la) Title 7, Code of Alabama 1940.

■ No objections were filed to the transcript within ten days and "it is conclusively presumed correct as of its filing date." Lyons v. State, Ala.App., 91 So.2d 520; [1] Striplin v. Kitts, Ala.App., 89 So.2d 225; [2] Section 827(la) Code, supra. The transcript of the record was not filed in this court until November 28, 1955.

■ Section 769, Title 7, Code 1940, provides that the transcript shall be filed with the clerk of this court within sixty days of the establishment of the bill of exceptions. The transcript of the evidence is now substituted for the bill of exceptions.

Supreme Court Rule 37, Code 1940, Title 7, Appendix, provides that where bills of exceptions have been abolished the transcript of the record shall be filed with the clerk of this court within sixty days after the transcript of the evidence has been established in the trial court. No extension of time for filing the transcript of the record as provided in said rule was requested in the trial court or in this court.

The transcript of the record was not filed in this court until more than eight months after the establishment of the transcript of the evidence in the lower court, and under the recent decisions of this court and the Supreme Court, the appeal must be dismissed for failure to file the transcript of the record in time. Lane v. State, Ala. App., 87 So.2d 668; [3] Duke v. State, 264 Ala. 624, 89 So.2d 102; Striplin v. Kitts, Ala.App., 89 So.2d 225; [2] Clark v. State, ante, p. 480, 87 So.2d 669.

Appellant filed answer to appellee's motion to dismiss the appeal, setting up, (1) that the appeal was taken within the time prescribed by law and that all proper legal procedure was followed in perfecting the appeal, in presenting or filing the transcript and in submitting the cause to this court, and (2) that the motion to dismiss was not made prior to the submission of the cause.

■ As we have heretofore stated, the transcript of the record was filed with the clerk of this court on November 28, 1955. The appellee's motion to dismiss was filed on December 9, 1955; the cause was submitted on the motion and on the merits on December 27, 1955.

We have checked the original Supreme Court record in the case of Duke v. State, supra, and find that the record was filed with the clerk of that court on June 28, 1956. Motion to dismiss was filed on July 6, 1956, and the cause submitted on July 10, 1956, on motion and on merits.

The motion to dismiss did not come too late.

Appeal dismissed.

1. Ante, p. 639.
2. Ante, p. 536.
3. Ante, p. 487.