S. & S. BUILDERS, INC., a Delaware corporation, Defendant Below, Appellant, v. EAGLE TRUCK TRANSPORT, INC., a Pennsylvania corporation, Plaintiff Below, Appellee.

(*March* 18, 1957.)

LAYTON, J., sitting.

*Louis Goldstein* for Plaintiff Below.

*David Snellenburg, II*, for Defendant Below.

Superior Court for New Castle County, No. 1100, Civil Action, 1955.

LAYTON, J.:

 Plaintiff's motion to dismiss the appeal must be granted. Superior Court Rule 3(d), *Del. C. Ann.* requires that applications for the amendment of the transcript of docket entries be made on or before the fifth day after the filing of the *praecipe* and transcript. Since defendant failed to make any application whatsoever, the filing of the second transcript was a nullity. This forces us back to the first transcript which failed to show that the bond had been signed by a surety. 10 *Del. C.* § 9579(a) sets out a form of surety bond to be given in cases of

appeals from Justices of the Peace to this Court. Subsec. (b) states that the entry of security shall be signed by the sureties or it shall be void. Since no surety signed the bond, it is, of course, void. Defendant seeks to excuse the defect by showing that, in fact, a cash deposit was made in lieu of a surety bond and that the transcript so shows. This will not do. Where the statute specifically provides for a surety bond on appeal, sets forth in exact words the type of bond required and fails to provide for a deposit of cash as an alternative, then it must be assumed that the legislature intended that a surety bond was the only proper means of affording security. *J. R. Watkins Co. v. Guess*, 196 *Miss.* 438, 17 *So.* 2d 795; *Ringgold v. Graham, Tex. Com. App.*, 13 *S. W.* 2d 355; *Culp v. Feyh*, 138 *Kan.* 854, 28 *P.* 2d 734.

The appeal must be dismissed.