Hillsborough,
No. 4657.

HERCULES NAUM, *Ex'r v.* JOHN NAUM.

Argued June 3, 1958.

Decided July 1, 1958.

*Booth, Wadleigh, Langdell, Starr & Peters (Mr. Starr* orally), for the plaintiff.

*Green, Green, Romprey & Sullivan (Mr. Samuel Green* orally), for the defendant.

BLANDIN, J.   The first issue which we shall discuss is whether the filing of a certified check signed by the defendant's attorney

and drawn on the firm of which the attorney is a member, in lieu of a bond, by the defendant John Naum upon his taking an appeal from the Court's decree affirming the probate of the will of Philip Naum was a substantial compliance with RSA 567:3. The section reads as follows: "The person appealing shall give bond, with sufficient sureties, to prosecute his appeal with effect, and to pay all such costs as shall be awarded against him by the superior court." It is true as the defendant argues that the obvious purpose of requiring a bond is to furnish indemnity for all costs which may be taxed against the party appealing in the event his appeal is not successful. A certified check for all practical purposes is as good security as any bond and perhaps better than some. 7 Am. Jur., Banks, ss. 557, 560. However, it cannot be said that such a check is a "bond, with sufficient sureties" furnished by the party appealing within the technical meaning of the statute. Though we are urged to construe the statute to meet the practical situation here, we have repeatedly held that such is not the proper function of this court when the language of the Legislature is plain and unequivocal as in this instance. *Trustees &c. Academy* v. *Exeter*, 92 N. H. 473, 478; *Concrete Co.* v. *Rheaume Builders*, 101 N. H. 59, 61. It follows the defendant's exception to the original dismissal of the appeal is overruled. *Broderick* v. *Smith*, 92 N. H. 33, 36.

A more difficult question is presented by the executor's exception to the ruling of the Superior Court that his failure to take his appeal within the sixty-day limit (RSA 567:2) was caused by "mistake, accident or misfortune, and not from his own neglect . . . . " RSA 567:7. In the *Broderick* case, *supra,* the attorney, although warned by the register of probate that his course was unlawful, chose to persist in it. Our court held that since he had voluntarily chosen a dubious course when a safe one was open to him he could not take advantage of the statute. In *Beaudoin* v. *Couture,* 98 N. H. 272, the attorney relied upon a custom of the county for the register of probate to enter the appeal, which he failed to do for some undisclosed reason. The parties to the litigation proceeded on the assumption that the appeal was properly taken for some time before the error was discovered. In that case the court held there was accident, mistake or misfortune and permitted the late entry of the appeal.

The present case seems not to fall quite within the orbit of either of these decisions. Here, although the statute was not complied with, it could be found the attorney relied upon a Superior

Court custom permitting cash bonds, and also on word from the probate office that a cash bond or its equivalent, a certified check (7 Am. Jur., Banks, ss. 557, 560), was sufficient. In addition, the attorney testified that the defendant who was about to go to the Near East, and shortly thereafter did so, sent him the money because he wished neither to pay the premium on a surety bond nor impose on his friends by asking them to sign with him. In all the circumstances we cannot say the finding of the Superior Court that the defendant's failure to take his appeal was due to an accident and not his own neglect is clearly beyond the bounds of reason. *Beaudoin* v. *Couture*, 98 N. H. 272, 275. The Court had an opportunity to size up the entire situation which we do not have. Its decision is entitled to great weight (*McLaughlin* v. *Union-Leader*, 99 N. H. 492, 499), and the plaintiff's exception cannot be upheld.

The Trial Court, after first indicating to counsel it would hold to the contrary, later ruled that to allow the appeal it was necessary for the defendant to introduce "some evidence" that to deny his appeal would cause "injustice" as specified by RSA 567:9, which reads as follows: "If it appear that the petitioner has not unreasonably neglected to appeal, and that injustice has been done by the decision of the judge, the appeal shall be allowed . . . . " This ruling was plainly correct. *Matthews* v. *Fogg*, 35 N. H. 289; *Moulton's Petition*, 50 N. H. 532; *Broderick* v. *Smith*, 92 N. H. 33. The defendant excepted to this ruling of the Court and also to its ruling that it would reopen the case and limit the hearing to this single issue. An examination of the record discloses that the defendant's attorney did state at the hearing before the Superior Court on the issue of whether there had been accident, mistake, etc., that all he wished to introduce was evidence relative to whether there had been such a mistake. However, later in the hearing, the Court said it intended to rule that no evidence was necessary on the merits of the defendant's case. We find no abuse of the Court's discretion in ruling that it would reopen the case and limit the issue in this hearing since presumably the entire appeal will eventually be tried in full. It is axiomatic that such procedural matters are customarily within the Trial Court's discretion. *LaCoss* v. *Lebanon*, 78 N. H. 413; *Glidden* v. *Brown*, 99 N. H. 323, 326.

The plaintiff finally argues that since the defendant was available at the hearing on the proof of the will in solemn form,

there is no reason why the case should be reopened in the Superior Court to hear this witness as the Superior Court has indicated it intends to do. The plaintiff's claim in essence is that the defendant must show "injustice" was done by the probate court, that the record of the hearing before that tribunal shows no error was committed, and that it would be improper for the Superior Court to now hear a single "biased witness" and make a determination upon such evidence adverse to the plaintiff. It is well known that often in hearings before the probate court the contestant does not choose to put in all his evidence. In such circumstances the probate court properly rules on the evidence before it. However, we find nothing in our decisions to indicate that by following such a procedure the contestant thereby forfeits his right to endeavor to make out a proper case for an appeal under RSA 567:7, 9. On the contrary, the cases demonstrate that the right of appeal under the statute is subject to no such limitations. *Moulton's Petition,* 50 N. H. 532, 537; *Broderick* v. *Smith,* 92 N. H. 33, 38. All that is necessary is for the contestant to furnish "some evidence tending to show the truth of [his] allegations of important questions of law or fact." *Id.,* 38. It follows that the plaintiff takes nothing by his exception to the ruling that the case should be reopened and to the procedure adopted by the Court. This appears to dispose of all issues of merit, and the order is

*Exceptions overruled.*

All concurred.