119 So.2d 31

Alma T. ANDERSON

v.

John ANDERSON.

4 Div. 997.

Supreme Court of Alabama.

March 17, 1960.

and cross-bill, also praying for a divorce. A decree pro confesso was taken against appellant on appellee's answer and cross-bill. Thereafter, appellant filed a motion to set aside the decree on certain grounds. On March 31, 1959, the court made and entered an order sustaining appellee's demurrer to said motion and on April 2, 1959 the appellee took an appeal from the order of the lower court sustaining the demurrer by giving security for costs.

The appellee has filed a motion to dismiss the appeal on the ground that said decree was not appealable. The motion is well taken. Vaughan v. Vaughan, 262 Ala. 20, 76 So.2d 157, and cases therein cited.

Appellant sought also to take an appeal from the original divorce decree, by merely amending her notice of appeal to that effect. This notice was, however, inefficacious as an appeal from the final decree. Code 1940, Tit. 7, § 766. This statute, with respect to an appeal from a judgment or decree, as pertinent, provides that such appeal is taken "by giving security for the costs of the appeal [etc.]". The only security for the cost of appeal in the instant case recites that the appellant "appeals to the Supreme Court of Alabama from the judgment and decree rendered in the above styled cause on the 31st day of March, 1959". That decree was the decree sustaining the appellee's demurrer to the appellant's motion to set aside the final decree. The appeal dates from the proper filing of security for costs. Danley v. Danley, 263 Ala. 390, 82 So.2d 534, and cases cited; Bedwell v. Dean, 221 Ala. 224, 128 So. 389.

It hence appears that the only decree appealed from was the one mentioned in security for costs—the order of the trial court sustaining appellee's demurrer to appellant's motion to set aside the final decree—which order, as stated, was not appealable.

J. Hubert Farmer, Dothan, for appellant.

E. C. Boswell and Edw. W. Boswell, Geneva, for appellee.

SIMPSON, Justice.

Appellant filed her bill for divorce against appellee. Appellee filed an answer

It results from these considerations that appellee's motion to dismiss the appeal must be sustained.

Appeal dismissed.

STAKELY, MERRILL and COLEMAN, JJ., concur.