185 So.2d 125

Arthur D. GRAY et al.

v.

STATE ex rel. ATTORNEY GENERAL.

7 Div. 630.

Supreme Court of Alabama.

June 24, 1965.

Rehearing Denied April 7, 1966.

Arthur D. Shores and Orzell Billingsley, Jr., Birmingham, Jack Greenberg, Norman C. Amaker and Geo. B. Smith, New York City, for appellants.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for appellee.

COLEMAN, Justice.

From a decree making permanent a preliminary injunction, respondents endeavor to appeal.

The decree was rendered July 1, 1963. Motions for rehearing were denied September 5, 1963. The cause was argued orally in this court and submitted May 26, 1964.

We do not find any appeal bond in the record.

The certificate of appeal recites:

I further certify that Respondents ............................................

cash
filed ~~security~~ for cost of appeal, to the Supreme ............................ Court,

on the 4th day of October 1963, and that

....................................................................................,

are sureties on the appeal bond.

The certificate does not state the name of any surety on any appeal bond. Supreme Court Rule 38.

It has long been the rule that a deposit of money is not a sufficient security for costs of appeal to this court. § 792, Title 7, Code 1940; Butler v. Foster, 14 Ala. 323; King & Owen v. McCann, 25 Ala. 471; Griswold v. Thornton, 129 Ala. 454, 30 So. 717; Harris v. Barber, 237 Ala. 138, 186 So. 160; American Federation of Musicians v. Moss, 277 Ala. 169, 168 So.2d 12.

"The majority of the courts that have considered the question have decided that a deposit of money cannot be given in lieu of an undertaking or bond on appeal where the pertinent statute or rule does not specifically authorize such a deposit." (65 A.L.R. 2d 1137)

S. & S. Builders, Inc. v. Eagle Truck Transport, Inc., 50 Del. 346, 130 A.2d 558; Gordon v. Camp, 2 Fla. 23; Marks v. Waiahole Water Co., 36 Haw. 188; Beckwith v. Kansas City & Olathe Railroad Co., 28 Kan. 484; Alvord & Son v. Mallory, 10 Ky.L. R. 80; State ex rel. Maxwell v. Sevier, (Mo.App.), 179 S.W.2d 492; Naum v. Naum, 101 N.H. 367, 143 A.2d 424, 65 A.L. R.2d 1130; Sommers v. De Ran, 53 Ohio App. 87, 4 N.E.2d 267; Commonwealth v. Sitler, 261 Pa. 261, 104 A. 604; Smith v. Coffin, 9 S.D. 502, 70 N.W. 636; Ringgold v. Graham, Tex.Com.App., 13 S.W.2d 355; Hervey v. Forse, Tex.Civ.App., 253 S.W.2d 701; Brooks v. Epperson, 164 Va. 37, 178 S.E. 787; United States v. Faw, 1 Cranch C.C. 486.

The right to appeal is purely statutory. The provisions of the statute are mandatory and free of ambiguity.

"The appellant not having filed an abbreviated or defective bond or one of any kind so as to invoke the jurisdiction of this court, we are impelled ex mero motu to dismiss this appeal for want of jurisdiction. It cannot be waived. * * *" American Federation of Musicians v. Moss, 277 Ala. 169, 168 So.2d 12, 13.

It is ordered that the appeal be dismissed.

Appeal dismissed.

LAWSON, GOODWYN, MERRILL and HARWOOD, JJ., concur.

On Rehearing.

PER CURIAM.

Appellants argue that our holding in this case is error because it is contrary to "prior law," to "prior custom and practice," to "prior practice and law," and contrary to the provisions of Tit. 7, § 805, Code 1940.

In view of these contentions, no authority will be cited in this extension of the opinion that was announced after this cause was originally submitted to this court.

An appeal is taken to an appellate court, not as a vested right, but by grace of a statute and must be perfected and prosecuted pursuant to the time, and manner prescribed. And the Legislature can limit, restrict or abolish the right of appeal so long as it does not attempt to restrict the right of this court to exercise its superintendence and control over inferior tribunals under Section 140 of the Constitution. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Sparks v. Brock & Blevins, Inc., 274 Ala. 147, 145 So.2d 844, 2 Ala.Dig., Appeal & Error, ☞1.

This court has uniformly held that an appeal must be taken within the time prescribed by statute (here six months, Tit. 7, § 788), and if not taken within that time, it is jurisdictional and the appeal must be dismissed. This dismissal may be on motion. Wetzel v. Dixon, 227 Ala. 46, 148 So. 857; Williams v. Knight, 233 Ala. 42, 169 So. 871; or ex mero motu, because this court is without jurisdiction to consider the appeal. Irwin v. Weil, 228 Ala. 489, 153 So. 746; Snider v. Funderburk, 209 Ala. 663, 96 So. 928; Boshell v. Phillips, 207 Ala. 628, 93 So. 576.

That brings us to the question of when an appeal is "taken." We cite the governing principles from our cases.

■■ An appeal is "taken," within the meaning of our statute, when the party desiring to prosecute it has complied with the conditions upon which the law gives the right. The only condition precedent, when the appellant is not exempt from giving bond by statute, is the filing with the proper official, within the time prescribed by statute for taking an appeal, a sufficient undertaking to secure costs. Kimbrell v. Rodgers, 90 Ala. 339, 7 So. 241.

"An appeal is taken only within the provisions of the statute, one of which [is] the filing with the proper officer sufficient security for the costs of the appeal." Peters v. Chas. Schuessler & Sons, 208 Ala. 627, 95 So. 26, and cases there cited.

■ "The decisions of this court are uniform to the effect that the appeal dates from the proper filing of security of costs." Danley v. Danley, 263 Ala. 390, 82 So.2d 534, followed in Anderson v. Anderson, 270 Ala. 358, 119 So.2d 31; Ridgeway v. Lovelady, 268 Ala. 503, 108 So.2d 459; Town of Vernon v. Maddox Motor Co., 38 Ala. App. 689, 92 So.2d 920. This security, if sufficient, and if filed within time, must be accepted and approved by the proper officer, and the appeal will not be dismissed if the approval comes after the time prescribed for taking an appeal. Thompson v. Menefee, 218 Ala. 332, 118 So. 587; Wade v. Town of Helena, 270 Ala. 718, 121 So.2d 896.

The manner of taking an appeal is set out in Tit. 7, § 766, Code 1940, and reads:

"Any appeal taken under the provisions of this chapter from the rendition of the judgment or decree, shall be shown in the following manner: (a) When no bond or security is required the filing of a written statement setting out the parties and court, signed by the party appealing or by his or her attorney of record that an appeal is taken from the judgment or decree in the case. (b) By giving security for the costs of the appeal to be approved by the clerk or register, or court. (c) By giving and having approved a supersedeas bond conditioned as required by law."

In Hildebrand v. First National Bank of Fairfield, 221 Ala. 216, 128 So. 219, we said:

"* * * Section 6101, Code (Tit. 7, § 766), provides the manner of taking an appeal, and section 6127 (Tit. 7, § 788), the time in which it must be done, and, unless taken in such time and manner as there provided, *it is not taken at all*." (Emphasis supplied.)

■ In view of our statutes and our cases, it is obvious that an appeal is "taken" when the party desiring to appeal, or his attorney, files with the proper officer of the court, (a) a writing which shows a reason for the claim that no bond or security is required and states that an appeal is taken from the judgment or decree in the case; or (b) a writing which shows that the party desiring to take the appeal and his surety or sureties acknowledge themselves as security for costs of the appeal, and on which the approval of the proper officer may be endorsed; or (c) a writing consisting of a supersedeas bond conditioned as required by law and on which the approval of the proper officer may be endorsed.

■ The statutory period for taking the appeal in this case is six months, and that time expired six months from the denial of the rehearing on September 5, 1963. Gavin v. Hughes, 249 Ala. 126, 30 So.2d 245; Equity Rule 62. From that time to the date of submission, more than eight months later, there was nothing in the transcript to show the giving or approval of any type bond or security for costs.

■ Appellants state in brief that the register "approved" the security they gave. No such approval appears in the record. The purported certificate of appeal, the per-

tinent part of which is copied in our original opinion, shows that the statutory requirement of "security" for cost of appeal is deleted and the word "cash" substituted therefor. There is no provision in our law for a *cash* bond on appeal to this or any appellate court of this state. (Tit. 11, § 60, Code 1940, relating to nonresidents, applies only to trial courts and not to our appellate courts). In the early case of Butler v. Foster, 14 Ala. 323, this court held that since no statute permitted an officer to receive a deposit of money in lieu of bail, the receipt of $500 in cash in lieu of a bond, as prescribed by statute, was not received by the clerk in the discharge of any official duty prescribed by law, and neither the clerk nor his sureties were liable to the County Treasurer for the money, and it had not become the property of the State or the county.

. As stated in our original opinion, "It has long been the rule that a deposit of money is not sufficient security for costs of appeal to this court."

· But appellants state in brief that they have found two cases where the appellant posted cash for costs on appeal. One case is Williams v. Home Owners' Loan Corporation, 236 Ala. 700, 184 So. 910. There, the appellant made an affidavit that she was a married woman and was unable to give security for costs on appeal, under Tit. 7, § 799. This claim was contested by the appellee by a motion to dismiss the appeal. This court granted the motion conditionally, but granted her sixty days to file proper security for costs. When she failed to do so, the appeal was dismissed. *No cash was posted for the costs on appeal.*

The other case is Harris v. Barber, 237 Ala. 138, 186 So. 160. But it is different from the instant case. There, appellant Harris did sign his security for costs as principal. Instead of getting sureties to sign with him, he deposited $50 with the clerk. The original record shows that beneath Harris' signature on the undertaking are the words, "Taken and approved, the 16 day of July, 1938, O. L. Andrews, Clerk." It was marked "Filed"· the same day. In that case there was a writing, signed by the party desiring to appeal, filed and approved by the clerk. But because there were no sureties, the appellee made a motion to dismiss prior to submission and this court granted it conditionally, but when proper sureties were added, the court went ahead to decide the issues. There, an appeal was taken, and the transcript showed that a security for costs, signed by the appellant, had been approved by the clerk. Here, as already pointed out, there is no security for costs signed by anyone or approved by anyone. The two cases cited by appellants are not apt.

We come now to the question of waiver. Appellants contend "When no security whatever for costs on appeal has been filed and the appellee has allowed the cause to be submitted on the merits without objection to that defect, objection to the lack of security for ·costs is held to have been waived,"· and cited are Elson v. Pridgen, 241 Ala. 233, 2 So.2d 110, and Walker v. Harris, 235 Ala. 384, 179 So. 213. In each of the cases the appellants, married women, made affidavits that they were unable to give security for costs and claimed an exemption under Tit. 7, § 799, and the certificates of appeal showed that they made such claim. ·

 An appellee is entitled to have the appellant make a proper claim of exemption under Tit. 7, § 766(a), or have him file a proper security of costs under § 766(b), or a proper supersedeas bond under § 766 (c). Ordinarily, the appellee does not know what the appellant has filed until he gets the transcript, unless he checks with the clerk or register prior to receiving the transcript. If he desires to contest the propriety of either (a), (b) or (c), he can file a motion to dismiss and then the defective claim, security or bond must be corrected or the appeal will be dismissed. But if the appellee does not file a motion to dismiss prior to submission, the defect is waived.

In both the *Elson* and *Walker* cases, cited supra, there was no security for costs because the appellants had chosen the manner of appeal outlined in Tit. 7, § 766(a). They had made an affidavit under Tit. 7, § 799, that they were married women and unable to give security for costs as required by § 799. This was all the statute required them to do to perfect the appeal. They had "taken" an appeal when they did this. It was up to the appellee to contest this claim by making a motion to dismiss. The motion was sustained in Harris v. Barber, 237 Ala. 138, 186 So. 160, and Williams v. Home Owners' Loan Corporation, 236 Ala. 700, 184 So. 910, and appellants were given time to give a proper security for costs. But in the *Elson* and *Walker* cases, supra, no motion to dismiss was made prior to submission and any contest of the exemption claim was waived.

Of similar import is Humphrey v. Lawson, 256. Ala. 198, 54 So.2d 439. There, the appellee was contesting a final tax assessment by the State. There was no security for costs, but two so-called appeal bonds were signed by the Attorney General of the State, two Assistant Attorneys General and the Sheriff of Morgan County, and stated that "this appeal being taken by the State of Alabama, the State elects to appeal without giving security for costs." Here again, the appellants did all that the law required of them under Tit. 7, § 766 (a); and Tit. 7, § 72, does exempt the State from giving security, etc. in actions by it. When this statement by the State's attorneys was filed with the register, the appeal was "taken." Even though one of the appellants, the sheriff, may not have been entitled to claim the exemption, the contest had to be made by a motion to dismiss prior to submission or the defect was waived.

▪ We have many cases that hold that defects in appeal bonds, such as wrong dates, wrong names, clerical errors and the like, must be brought to this court's attention by motion to dismiss made prior to submission, or they will be considered as waived.

But this waiver rule does not apply where the appeal was not taken within the statutory period. In Journequin v. Land, 235 Ala. 29, 177 So. 132, where the appeal was not taken within six months, and a motion to dismiss was filed, this court said:

"Appellee's motion to dismiss the appeal, filed after submission of the cause here, likewise came too late. But a jurisdictional question is presented. Our authorities are to the effect that an appeal taken after the time prescribed by the statute will be dismissed ex mero motu, as the court is without jurisdiction for consideration of the cause. Irwin v. Weil, 228 Ala. 489, 153 So. 746; Carlisle v. Carmichael, 222 Ala. 182, 131 So. 445; Wetzel v. Dixon, 227 Ala. 46, 148 So. 857.

"Appellant seeks to avoid the result of the foregoing undisputed facts by exhibiting additional certificates of the clerk to the effect the docket shows a notation of notice of appeal by plaintiff in ample time, and that a bond for security for costs was given by plaintiff prior to entering upon the trial; motion being made to that effect by defendant upon the ground that plaintiff was a nonresident of the state. One of plaintiff's counsel filed affidavit that a notice of appeal was filed in the cause likewise in ample time.

"Conceding, without deciding, the admissibility of all of these matters, plaintiff's situation is not improved. Neither notation of an appeal on the docket, nor a notice of appeal filed in the cause, meets the requirement of our statute. And it is clear enough the bond given before the trial, required by statute to be given by nonresidents, has no relevancy to the matter of appeal. Our statute requires that appellant 'give security for the costs of such appeal.' Section 6121, Code 1923. And our decisions are uniform to the effect that the appeal is only perfected when a good and sufficient securi-

ty for costs of such appeal is filed. Thompson v. Menefee, 218 Ala. 332, 118 So. 587; Bedwell v. Dean, 221 Ala. 224, 128 So. 389; Ory-Cohen v. Taylor, 208 Ala. 520, 94 So. 525; Peters v. Chas. Schuessler & Sons, 208 Ala. 627, 95 So. 26."

In Boshell v. Phillips, 207 Ala. 628, 93 So. 576, the appeal came too late and we said that "this court is without jurisdiction to consider it, and it must be dismissed." The court added:

"The parties by their attorneys agree in writing, which is on file in the cause, to make no motion to dismiss the appeal, because the appeal bond was not filed in time, but agree to request this court to consider the case as if appeal was taken in time, as the parties desire the cause settled on the merits.

"Appeals must be taken to this court within the time fixed by statute. This is necessary to give the court jurisdiction of the cause. When the appeal is taken too late, this court has no jurisdiction of the cause; and it will be dismissed, even if the parties waive it, and consent in writing for a hearing on the merits. This cannot be waived by the parties. Meyers v. Martinez, 162 Ala. 562, 50 South. 351; sections 2837, 2838, Code 1907." (Tit. 7, §§ 754, 755).

Since the appeal in the instant case was not taken within the statutory period, there was nothing which could be waived.

Finally, appellants argue that the dismissal was contrary to the provisions of Tit. 7, §§ 805 and 806, Code 1940, which say that appeals will not be dismissed for defects, etc., in the appeal bond or if appellant offers to make an appeal bond.

 These sections apply only where some type of approvable bond or security for costs is given in the time allowed for taking the appeal. But in order to come within these sections, it is necessary to make an attempt to appeal sufficient to invoke the jurisdiction of this court, as by executing a bond which is defective in some respects but sufficient to transfer jurisdiction to this court. Terry v. Gresham, 254 Ala. 349, 48 So.2d 437. Nothing occurred in this case to transfer jurisdiction from the circuit court in equity to this court.

In summary, we hold (1) that no appeal was "taken" in this case as that word is used in our appeal statutes, (2) that no appeal was taken within the time prescribed by law, (3) that nothing happened to transfer jurisdiction from the circuit court to this court, (4) that where this court has no jurisdiction, a purported appeal must be dismissed ex mero motu, and (5) that in such cases, there can be no application of the waiver rule nor do the remedial statutes, Tit. 7, §§ 805, 806, Code 1940, apply.

Application for rehearing denied.

LIVINGSTON, C. J., and LAWSON, SIMPSON, GOODWYN, MERRILL and HARWOOD, JJ., concur.

COLEMAN, J., concurs in the result.