233 So.2d 223

George **COOPER** et al., as Members of Planning Commission for City of Huntsville

v.

John D. **ACUFF** and Willie Belle Acuff.

**8 Div. 282.**

Supreme Court of Alabama.

March 19, 1970.

Morring, Giles, Watson & Willisson, Huntsville, for appellants.

Cloud, Berry, Ables & Stapp, Huntsville, for appellees.

LIVINGSTON, Chief Justice.

This is the second appeal in this case. See Cooper v. Acuff, 279 Ala. 267, 184 So.2d 348 (1966).

After the case was reversed and remanded to the trial court by this Court, the appellants, on April 17, 1967, refiled their demurrers and answer. They also refiled, on July 17, 1967, their motion to quash. On April 17, 1967, appellees filed what they designated as "ANSWER," denying each and every material allegation of the appellants' answer and demanded strict proof thereof.

Evidence was taken orally before Circuit Judge David R. Archer, and the case was submitted to the court on the petition and answers as refiled, demurrers as refiled, and the motion to quash as refiled. The demurrers and motion to quash were overruled.

The court entered a judgment for the appellees to the effect that the certificate of approval sought by them should be granted as sued for. The judgment entry ordered the appellant to issue the certificate within twenty days from the date of the decree, the same being dated May 2, 1967.

On May 17, 1967, the appellants filed a motion for a new trial. This motion was continued to May 25, 1967, on which date an order was entered denying the motion for a new trial.

The appellants filed, on May 25, 1967, notice of appeal from the final judgment of May 2, 1967, and the denial of the motion for a new trial on May 25, 1967.

On May 25, 1967, the trial judge entered an order suspending the judgment on appeal upon the appellants giving bond in the sum of $5,000.00, with security to be approved by Judge Archer and conditioned as required by law, within thirty days from May 25, 1967.

On June 23, 1967, the appellants filed a motion to extend the time for the filing of the supersedeas bond, alleging that it was necessary to have a resolution passed by the City of Huntsville to obtain such bond and that it was impossible to provide the bond within the thirty-day period originally allowed for same. By said motion, appellants requested that the time for filing the supersedeas bond be extended until July 14, 1967. The trial judge entered an order granting the appellants until the requested date to file their supersedeas bond.

On July 14, 1967, appellants filed their supersedeas bond in the amount of $5,000.-00 with the Clerk of the Circuit Court and the same was taken and approved by the Clerk on said date. The receipt and approval of the bond occurred twenty days subsequent to the thirty-day period originally set by the trial court.

The appeal in the instant proceeding is from the final judgment and from the judgment overruling the motion for a new trial. It is governed by the provisions of Sec. 1074, Title 7, Code of Alabama 1940 (Recompiled in 1958), which require that an appeal must be taken within thirty days after the final judgment is rendered.

Appellees have filed three motions directed to this appeal, to wit: (1) motion to dismiss appeal because appellants did not file a bond as security for costs within thirty days from the date of the judgment entry, nor within thirty days from the date of the denial of the motion for a new trial; (2) motion to strike the supersedeas bond and appeal bond, for that it was not filed within the thirty days prescribed by the statutes for taking an appeal in a mandamus proceeding; and (3) motion to strike the transcript of the evidence for that it was not filed in the lower court within the time prescribed by Sec. 827(1), Title 7, Code 1940 (Recompiled in 1958).

We think motion (1), supra, has merit. It, therefore, becomes unnecessary to consider motions (2) and (3), supra.

The order of the trial court granting the motion of the appellants to extend

the time for filing the supersedeas bond to July 14, 1967, was abortive and without legal effect. Such extension of time was contrary to the mandate of Section 1074, supra, which limits the time for taking an appeal to thirty days after final judgment. In this case, that would be within thirty days from May 25, 1967.

We held in Bedwell v. Dean, 221 Ala. 224, 128 So. 389, that an appeal is perfected when a good and sufficient security for costs is filed, although not approved until after the expiration of the time for taking an appeal; also, that the reason applies to approval of a supersedeas bond.

The decisions of this Court are uniform to the effect that the appeal dates from the proper filing of security for costs. Danley v. Danley, 263 Ala. 390, 82 So.2d 534; Liverpool & London & Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 So. 765; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 So. 363; Peters v. Chas. Schuessler & Sons, 208 Ala. 627, 95 So. 26.

█ Section 806, Title 7, Code 1940 (Recompiled in 1958), provides, in substance, that no appeal shall be dismissed for want of a sufficient bond, or a bond for the costs of appeal if the appellant will give a sufficient bond. This has been held not to apply where the time for taking an appeal has expired and within that time the jurisdiction of this Court was not in some manner effectually obtained by an attempt to appeal. But, in order to come within that section, it is necessary to make an attempt to appeal sufficient to invoke the jurisdiction of this Court, as by executing a bond which is defective in some respects but sufficient to transfer jurisdiction. Rosser v. Rosser, 262 Ala. 38, 76 So.2d 781. We have considered that question in several of our cases referred to in

Terry v. Gresham, 254 Ala. 349, 48 So. 437. See also Gray v. State ex rel. Attorney General, 279 Ala. 333, 340, 185 So.2d 125, 131, where we said:

> "Finally, appellants argue that the dismissal was contrary to the provisions of Tit. 7, §§ 805 and 806, Code 1940, which say that appeals will not be dismissed for defects, etc., in the appeal bond or if appellant offers to make an appeal bond.

> "These sections apply only where some type of approvable bond or security for costs is given in the time allowed for taking the appeal. But in order to come within these sections, it is necessary to make an attempt to appeal sufficient to invoke the jurisdiction of this court, as by executing a bond which is defective in some respects but sufficient to transfer jurisdiction to this court. * * *"

█ Here, appellants made no attempt to invoke the jurisdiction of this Court within the time prescribed by Section 1074, Tit. 7, supra, by executing a proper bond or security for costs which was defective in some respects, but sufficient to transfer jurisdiction to this Court. As we have pointed out, the order of the trial court extending the time for filing a supersedeas bond securing costs of appeal was abortive and without authority of law. Jurisdiction of this Court was not invoked within the time prescribed by Sec. 1074, supra.

We think motion (1) to dismiss the appeal should be granted and the appeal is dismissed. We pretermit consideration of motions (2) and (3). Such consideration would needlessly burden this opinion.

Appeal dismissed.

LAWSON, MERRILL, HARWOOD and MADDOX, JJ., concur.