261 So.2d 47

**Edward L. OSBORN et al.**

v.

**Frank N. WALKER et al.**

**6 Div. 919.**

Supreme Court of Alabama.

Feb. 24, 1972.

Rehearing Denied May 1, 1972.

S. P. Keith, Jr., Birmingham, for appellants.

George I. Case, Jr., Birmingham, for appellees.

PER CURIAM.

Appellants appeal from a decree in equity, dated June 18, 1971, which overrules their application for rehearing.

The decree does not modify the decree to which the application for rehearing is addressed.

In the absence of a modification, the decree is not appealable. Equity Rule 62,

Recompiled Code 1958, Appendix, page 1272; Money v. Galloway, 236 Ala. 55[5], 181 So. 252; Whitman v. Whitman, 253 Ala. 643[3], 46 So.2d 422; Wood, Wire & Metal Lathers, etc. v. Brown & Root, Inc., 258 Ala. 430[3], 63 So.2d 372.

The appeal is dismissed for want of jurisdiction. Money v. Galloway, supra.

The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Appeal dismissed.

HEFLIN, C. J., and COLEMAN, HARWOOD, BLOODWORTH and McCALL, JJ., concur.

Application for rehearing denied.

LAWSON, MERRILL, COLEMAN, HARWOOD, BLOODWORTH and McCALL, JJ., concur.

HEFLIN, C. J. and MADDOX, J., dissent.

HEFLIN, Chief Justice (dissenting):

The appeal bond filed in this case recites that the appeal is from the decree of June 18, 1971 rather than the date of April 1, 1971. This was obviously a clerical error. This is substantiated by the manner in which the parties conducted the proceedings on appeal. None of the assignments of error referred to the June 18th ruling, but all that mention a decree or date refer to the decree of April 1, 1971. Counsel for both sides argued the merits of the April 1 decree. Appellants stated in their brief that "Complainant, Edward L. Osborn, appealed said decree of April 1, 1971, to this Honorable Court on August 3, 1971 . . ." Appellees filed no motion to dismiss. In fact, no one ever considered this appeal to have been taken from the June 18 ruling until this Court ex mero motu dismissed for lack of jurisdiction.

In Gray v. State ex rel. Attorney General, 279 Ala. 333, 185 So.2d 125, this Court stated the following:

"We have many cases that hold that defects in appeal bonds, such as wrong dates, wrong names, clerical errors and the like, must be brought to this court's attention by motion to dismiss made prior to submission, or they will be considered as waived."

Sections 805 and 806, Title 7, Code of Alabama 1940, regulating the dismissal of appeals, are as follows:

"§ 805. (6144) (2885) (470) (3653) (3931) Amendment of appeal.—An appeal must not be dismissed because of any error, mistake, or irregularity in the taking thereof, or because of any defect in the certificate; but on motion all such amendments, as are necessary to perfect it must be allowed.

"§ 806. (6145) (2886) (471) (3654) (3932) (4421) Appeal bonds and bonds for costs amendable.—No appeal shall be dismissed for want of a sufficient appeal bond or bond for the costs of the appeal, if the appellant will give a sufficient bond, which bond the clerk of the supreme court, or any member thereof, may take and approve, or it may be taken and certified to the appellate court by the judge, clerk, or register certifying the appeal."

It thus would appear that the Legislature, by enacting the above sections, intended that appeals should not be dismissed because of clerical defects and that an opportunity to correct such mistakes should be afforded the parties. However, this Court has indicated that in order to come within the purview of Section 806 of Title 7, Code of Alabama 1940, that it is necessary to make an attempt to appeal sufficiently to invoke the jurisdiction of the Supreme Court by executing a bond which may be defective in some respects but still sufficient to transfer jurisdiction. See Rosser v. Rosser, 262 Ala. 38, 76 So.2d 781, and Gray v. State, supra.

It appears to me that since the security for court costs instrument described the case that this is sufficient to transfer jurisdiction even if it contained a clerical error concerning the date of the decree.

It is my philosophy that all cases should be determined on the merits rather than on technicalities. In a concurring opinion in Midstate Homes, Inc. v. Roberts, et al., 288 Ala. 86, 257 So.2d 333 (1972), I expressed the hope that the new system of appellate rules authorized and directed under Act No. 964, Acts of Alabama, 1971, Regular Session, approved September 7, 1971, will prevent decisions on technicalities, but stated pending the opportunity to adopt such new system of appellate rules I felt I must follow the prior decisions of this Court. However, in this case I do not conclude there is a binding precedent so I feel an interpretation in keeping with the mandate of said Act 964 to promote the speedy determination of litigation *on the merits* is desirable.

Therefore, I respectfully dissent. I would grant the application for rehearing and allow the motion to amend the appeal bond.

MADDOX, J., concurs in the above dissent.